UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In the Matter of: )
 ) Case No. 10-80956
EDDIE RAYE ROBERSON ) Chapter 13
 )
 Debtor )

ORDER GRANTING IN PART AND DENYING IN PART
MOTION BY CHATHAM COUNTY FOR ORDER CONFIRMING THAT ENTRY OF
JUDGMENT DID NOT VIOLATE THE AUTOMATIC STAY AND THAT FUTURE
ENFORCEMENT PROCEEDINGS WILL NOT VIOLATE THE AUTOMATIC STAY

Chatham County's "Motion For An Order Confirming That Entry Of Judgment Did Not Violate the Automatic Stay and that Future Enforcement Proceedings Will Not Violate The Automatic Stay" was heard by the Court on October 21, 2010. Charles W. Miller appeared at the hearing for Chatham County, Christian Bennett Felden appeared for the Debtor, and Benjamin Lovell appeared for the Chapter 13 Trustee. Having considered the matters set forth in the motion and the arguments and representations made by counsel, the Court makes the following findings of fact and conclusions of law and enters the following orders:

1. Chatham County is a "governmental unit" as defined §101(27) of the Bankruptcy Code.

2. The state court action filed by Chatham County against the Debtor in Chatham County Superior Court (Case No. 10 CVS 325) was commenced by Chatham County to enforce provisions in its zoning ordinance.

3. Entry of default judgment against the Debtor in the state court action on June 7, 2010 did not violate the automatic stay set forth in §362(a) of the Bankruptcy Code, even though the default judgment was entered after the Debtor filed his bankruptcy

petition. The state court action constitutes ".. an action or proceeding by a governmental unit … to enforce such governmental unit's …. police and regulatory power," with the meaning of §362(b)(4) of the Bankruptcy Code, and as such, is excluded from the operation of the automatic stay.

    4.    The Debtor received notice of the default judgment hearing in the state court action. However, the Debtor may have failed to attend the default judgment hearing upon a mistaken belief that it could not and would not go forward in light of his bankruptcy filing.

    IT IS THEREFORE ORDERED, as follows:

    1.    Entry of default judgment against the Debtor in the state court action on June 7, 2010 did not violate the automatic stay, and the automatic stay does not bar the continuation of the state court action, subject to the provisions set forth in this order.

    2.    The Debtor shall have sixty (60) days from the date of the entry of this order to file a motion for relief from the default judgment entered against him in the state court action.

    3.    If the Debtor shall fail to file a motion for relief from the default judgment within sixty (60) days of the entry of this order, or if the Debtor shall file such a motion and relief from the judgment is denied, then Chatham County may reapply to this Court for permission to enforce the terms of the default judgment.

    4.    Chatham County shall not proceed to enforce the default judgment without making further application to this Court, and the Court reserves jurisdiction to make further orders in accordance with this order.

Service List for Eddie Raye Roberson
Case No. 10-80956

Christian Bennett Felden
Felden and Felden
201 Shannon Oaks Circle
Suite 200
Cary, NC 27511

Richard M. Hutson, II
Chapter 13 Office
302 East Pettigrew St., Suite B-140
P. O. Box 3613
Durham, NC 27702

Eddie Raye Roberson
144 Jack Bennett Rd
Chapel Hill, NC 27517

Charles W. Miller
288 East Street, Suite 2004
P.O. Box 1549
Pittsboro, NC 27312