UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In the Matter of: )
 ) Case No. 10-80956
EDDIE RAYE ROBERSON ) Chapter 13
 )
 Debtor )

## ORDER GRANTING MOTION FOR ORDERS OF ABATEMENT OF ZONING VIOLATIONS

Chatham County's "Motion for Orders of Abatement of Zoning Violations" was heard by the Court on May 12, 2011. Charles W. Miller appeared at the hearing for Chatham County, Christian Bennett Felden appeared for the Debtor, and Benjamin Lovell appeared for the Chapter 13 Trustee. Having considered the matters set forth in the motion and the arguments and representations made by counsel, the Court makes the following findings of fact and conclusions of law and enters the following orders:

1. The Debtor is the owner of real property located at 144 Jack Bennett Road, Chapel Hill, NC 27517.

2. The Debtor erected four structures on his property without first obtaining building permits for same and without complying with the setback requirements set forth in the Chatham County zoning ordinance.

3. Chatham County issued the Debtor a notice of violation of the zoning ordinance on January 9, 2008 and posted a stop work order on the Debtor's property on January 10, 2008. On May 13, 2008, Chatham County issued the Debtor a warning citation. The Debtor failed to abate the violations in response to the notice of violation or the warning citation, and on June 3, 2008, Chatham County issued the Debtor a citation

requiring him to abate his violations of the zoning ordinance. The Debtor did not abate his violations of the zoning ordinance.

4. On or about April 15, 2010, Chatham County commenced a state court action against the Debtor in Chatham County Superior Court. The state court action requested an injunction requiring the Debtor to stop violating the zoning ordinance; an order of abatement directing the removal and demolition of the structures on the Property at Debtor's expense; an award of costs incurred by Chatham County in bringing the property into compliance; civil penalties; and an award of costs and interest.

5. The Debtor was duly-served with the summons and complaint in the state court action but failed to answer or otherwise respond to the complaint in a timely manner. Chatham County filed motions for entry of default and default judgment against the Debtor. The Debtor's default was entered by the Chatham County Clerk of Court on May 20, 2010, and the motion for default judgment was set for hearing on June 7, 2010.

6. The Debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code on May 29, 2010.

7. The Debtor failed to notify Chatham County of his bankruptcy filing prior to the June 7, 2010 hearing on Chatham County's pending motion for default judgment in the state court action.

8. On June 7, 2010, the Hon. R. Allen Baddour, Jr. heard and granted Chatham County's motion for default judgment in the State Court Action, entering default judgment against the Debtor for the civil penalties and injunctive and abatement relief requested in the Complaint. The default judgment requires abatement of the zoning violations at the Debtor's expense, allows Chatham County to abate the violations, and

reserves jurisdiction to make a further award to Chatham County for any costs it incurs in accomplishing abatement.

9. Chatham County filed a "Motion for Order Confirming that Entry of Judgment did not Violate the Automatic Stay and that Future Enforcement Proceedings Will Not Violate The Automatic Stay" in this case on September 29, 2010. The relief sought in the prior motion included requests for orders that the default judgment entered in the state court action on June 7, 2010 was an exercise of Chatham County's police and regulatory power and thus not entered in violation of the automatic stay and that Chatham County was entitled to enforce the non-monetary provisions of the default judgment against the Debtor. Copies of the complaint filed in the state court action and the default judgment entered in the state court action were filed as exhibits to the prior motion.

10. A hearing on Chatham County's prior motion was held on October 21, 2010. On October 28, 2010, the Court entered an "Order Granting In Part And Denying In Part Motion By Chatham County For Order Confirming That Entry Of Judgment Did Not Violate The Automatic Stay and That Future Enforcement Proceedings Will Not Violate The Automatic Stay," providing, in pertinent part, that entry of default judgment against the Debtor in the state court action on June 7, 2010 did not violate the automatic stay; that the Debtor would have sixty (60) days from the date of the entry of the order to file a motion for relief from the default judgment; and that if the Debtor failed to file a motion for relief from the default judgment within sixty (60) days of the entry of the order (or if the Debtor filed such a motion and relief from the judgment was denied), then Chatham County could reapply to this Court for permission to enforce the terms of the default judgment.

reserves jurisdiction to make a further award to Chatham County for any costs it incurs in accomplishing abatement.

9. Chatham County filed a "Motion for Order Confirming that Entry of Judgment did not Violate the Automatic Stay and that Future Enforcement Proceedings Will Not Violate The Automatic Stay" in this case on September 29, 2010. The relief sought in the prior motion included requests for orders that the default judgment entered in the state court action on June 7, 2010 was an exercise of Chatham County's police and regulatory power and thus not entered in violation of the automatic stay and that Chatham County was entitled to enforce the non-monetary provisions of the default judgment against the Debtor. Copies of the complaint filed in the state court action and the default judgment entered in the state court action were filed as exhibits to the prior motion.

10. A hearing on Chatham County's prior motion was held on October 21, 2010. On October 28, 2010, the Court entered an "Order Granting In Part And Denying In Part Motion By Chatham County For Order Confirming That Entry Of Judgment Did Not Violate The Automatic Stay and That Future Enforcement Proceedings Will Not Violate The Automatic Stay," providing, in pertinent part, that entry of default judgment against the Debtor in the state court action on June 7, 2010 did not violate the automatic stay; that the Debtor would have sixty (60) days from the date of the entry of the order to file a motion for relief from the default judgment; and that if the Debtor failed to file a motion for relief from the default judgment within sixty (60) days of the entry of the order (or if the Debtor filed such a motion and relief from the judgment was denied), then Chatham County could reapply to this Court for permission to enforce the terms of the default judgment.

11. More than sixty (60) days have elapsed since the Court entered its prior order, and the Debtor has taken no action to seek relief from the default judgment entered against him in the state court action.

12. The default judgment entered against the Debtor in the state court action is a final judgment and is entitled to full faith and credit by this Court. The factual findings and legal determinations set forth in the default judgment are res judicata in the Debtor's bankruptcy case, and the Debtor is collaterally estopped from challenging them in his bankruptcy case. It is not necessary or appropriate for the Debtor's violations of the zoning ordinance to be re-litigated in this Court.

IT IS THEREFORE ORDERED, as follows:

1. That the Debtor shall dismantle the structures on his property as required by the state court judgment within thirty (30) days of the entry of this order.

2. The Debtor may retain the components of the dismantled structures on his property, stored or laid flat on the ground.

3. If the Debtor shall fail to dismantle the structures within thirty (30) days of the entry of this order, then pursuant to the state court judgment, Chatham County may hire contractors to dismantle the structures; Chatham County and its contractors may enter upon the Debtor's property to dismantle the structures; and Chatham County may file a cost of administration claim in this Chapter 13 case for any charges incurred by Chatham County as a result of entering the Debtor's property and dismantling the structures.

4. If Chatham County hires contractors to dismantle the structures, Chatham County shall direct the contractors to leave the dismantled structures on the Debtor's property, stored or laid flat on the ground.

Service List for Eddie Raye Roberson
Case No. 10-80956

Christian Bennett Felden
Felden and Felden
201 Shannon Oaks Circle
Suite 200
Cary, NC 27511

Richard M. Hutson, II
Chapter 13 Office
302 East Pettigrew St., Suite B-140
P. O. Box 3613
Durham, NC 27702

Eddie Raye Roberson
144 Jack Bennett Rd
Chapel Hill, NC 27517

Charles W. Miller
P.O. Box 1549
Pittsboro, NC 27312